IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PRECAST MANAGEMENT CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMCORE BANK, N.A., a national banking ) <br> association, ) <br> ) <br> Defendant. ) | Case No.: 07-C-50231 <br><br> Judge: Frederick J. Kapala |

**PROPOSED CASE MANAGEMENT ORDER**

NOW COMES the Plaintiff, PRECAST MANAGEMENT CORP., by one of its attorneys, Jeffrey Lewis of Klein, Stoddard, Buck, Waller & Lewis, LLC., and the Defendant, AMCORE BANK, N.A., by and through one of its attorneys, Matthew Hevrin of HINSHAW & CULBERTSON, LLP; presenting jointly a Proposed Case Management Order, stating as follows:

I. Pursuant to Federal Rule of Civil Procedure, Rule 26(f), beginning February 18, 2008, the following individuals began discussions about the proposed case management order:

    Attorney Jeffrey Lewis for the Plaintiff

    Attorney Matthew Hevrin for the Defendant

II. Automatic disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure are due by Plaintiff and Defendant on March 14, 2008.

III. Alternative Dispute Resolution/Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the Court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the Court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsels have provided an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Defense counsels certify that they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

The parties will consider having a settlement conference with the Court after the close of fact discovery.

IV.  Discovery Plan.  The parties jointly propose to the Court the following discovery plan:

   A.  Discovery will be needed on the following subjects: Subjects referenced in Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses and/or which are raised by either party through discovery or in any pleading.

   B.  Maximum of thirty (30) interrogatories including subparts by each party, and maximum number of thirty (30) requests for production of documents by each party.

   C.  Maximum number of twenty-five (25) requests for admission by each party to any other party, unless all parties agree to allow any other party or parties to propound additional requests for admission, or unless leave of Court is obtained therefore.

   D.  Maximum of ten (10) depositions by Plaintiff and maximum of ten (10) depositions by Defendant, unless both parties agree to allow additional depositions, or unless leave of Court is obtained therefore.  The depositions of one Plaintiff witness (or Defendant's choosing) and one Defendant witness (of Plaintiff's choosing) shall be limited to six (6) hours, unless the parties agree otherwise or the Court orders otherwise; other than the deposition of one Plaintiff witness and of one Defendant witness, depositions shall be limited to a maximum of three (3) hours unless extended by agreement of the parties.

   E.  Fact discovery cut-off shall be September 30, 2008.

   F.  Deadline for adding parties and amending pleadings shall be August 31, 2008.

   G.  All dispositive motions will be due by October 31, 2008, unless otherwise ordered by the Court.

   H.  Rule 26(a)(2) Expert discovery schedule reserved.

   I.  The parties suggest that a Final Pretrial Conference date not be scheduled at this time.

   J.  The parties suggest the next discovery conference with the Court be scheduled in May, 2008.

   K.  The parties anticipate being ready for trial at the second quarter of 2009.

70552830v1 863313

| | |
|---|---|
| Dated: <u>February 19, 2008</u> | Respectfully submitted, |
| | AMCORE BANK, N.A., Defendant |
| | By: HINSHAW & CULBERTSON LLP |
| Matthew M. Hevrin<br>Hinshaw & Culbertson LLP<br>100 Park Avenue<br>P.O. Box 1389<br>Rockford, IL 61105-1389<br>815-490-4900 | <u>/s/ Matthew M. Hevrin</u><br>Matthew M. Hevrin<br>One of Its Attorneys |
| | PRECAST MANAGEMENT CORP., Plaintiff |
| Dated: <u>February 19, 2008</u> | By: KLEIN, STODDARD, BUCK, WALLER & LEWIS, LLC. |
| Jeffrey Lewis<br>Klein, Stoddard, Buck, Waller & Lewis, LLC.<br>2045 Aberdeen Court, Suite A<br>Sycamore, Illinois 60178<br>815-748-0380 | <u>/s/ Jeffrey Lewis</u><br>Jeffrey Lewis<br>One of Its Attorneys |

70552830v1 863313